UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-676-RJC

| | |
|---|---|
| **DEREK STOVALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **LAWRENCE PARSONS,** ) | |
| Superintendent, Lanesboro ) | **ORDER** |
| Corr. Inst.; FNU Walrath, ) | |
| Head Nurse; FNU Rhinaldi, ) | |
| Nurse; Charmaine McKenzie, ) | |
| Case Manager; J. Bennett, Case ) | |
| Manager Supervisor, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

**I.    BACKGROUND**

According to the website of the North Carolina Department of Public Safety ("NC DPS"), Plaintiff is a North Carolina inmate following his conviction for being a habitual felon, and is currently housed in the Lanesboro Correctional Institution with a projected release date of April 6, 2023.

According to his complaint, the defendants, with various levels of participation or omission, have been deliberately indifferent to his serious medical needs. For instance, Plaintiff's complaint describes a transfer from Piedmont Correctional Institution to Lanesboro in June 2012,

1

and an initial interview with Case Managers Jackson and McCullough upon his arrival. During this interview, Plaintiff alleges he discovered that "some unknown party had maliciously and prejudicially changed my health grade from Level 4 Chronic to Level 2A without any formal medical evaluation or examination." Plaintiff contends that he "constantly complained" of this demotion in his health grade, but unnamed people, presumably at Lanesboro, have ignored his complaints. (Doc. No. 1 at 4). Plaintiff appears to maintain that this change in his health grade level has caused health problems and culminated in an in-patient stay in the hospital. Plaintiff asserts that "they" have falsified his "official documentation" and that the actions are ongoing. (Id.).

Plaintiff has filed information related to his effort to exhaust his administrative remedies within the NC DPS, Adult Corrections Division.[1] In his Step One grievance, Plaintiff complains that he had not received proper thermal leggings to assist him with his anemic condition; that his health grade level was mysteriously changed; and that in general his level of medical care falls short of satisfying his needs. In response to this Step One grievance, Plaintiff was informed that his restrictions or levels had not been changed following his transfer to Lanesboro; that new laboratory work had been scheduled by a doctor within Lanesboro for Plaintiff; that the prescription for his thermals had expired prior to his transfer to Lanesboro, and despite Plaintiff's request, there were no plans to transfer him from Lanesboro to Maury Correctional. (Doc. No. 5 at 4-5). In response to Plaintiff's Step Two grievance, Plaintiff was informed that there were

---

[1] See 42 U.S.C. § 1997e(a) (providing that no "action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted).

attempts to draw his lab work on August 20 and 21, 2012, that he was seen by a doctor on August 27, and admitted to the hospital on August 28, 2012 for further evaluation and treatment. (Id. at 5). No further action was recommended by the grievance examiner. In the Step Three response, the examiner summarized Plaintiff's history of complaints and concluded that based on his hospital admission and ongoing treatment, the prison staff had taken appropriate action regarding his medical needs. Plaintiff was encouraged to sign up for sick call if necessary and "to inform staff of any ongoing concerns or changes in his medical condition." The matter was then considered resolved by the examiner on October 3, 2012. (Id. at 7).

In a letter dated October 10, 2012, Plaintiff informed Joni P. Penny, Manager of Population Management for the NC DPS, that he had initiated an action under Section 1983 regarding his concerns about his medical treatment. Plaintiff states in his letter that "[t]his is my last request for an immediate transfer to [a] safer facility which can stabilize my health conditions" and address "deliberate indifference" to his medical needs. (Doc. No. 5 at 9) (emphasis in original). In her reply dated October 12, 2012, Ms. Penny informed Plaintiff that his concerns were best addressed by Defendant McKenzie within Lanesboro, and Plaintiff was cautioned to follow the correct procedures and review complaints with his case manager. (Id. at 8).

In his § 1983 complaint, Plaintiff includes the following claims for relief: Plaintiff would like his Level 4 Chronic health grade reinstated and he wants "#3 gain time retroactivated and brought up to date." Further, Plaintiff seeks a transfer to an appropriate medical facility and monetary damages for pain and suffering. (Doc. No. 1 at 4).

3

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2). Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

Petitioner alleges that one or more defendants have been deliberately indifferent to his serious medical needs, and the defendants are either prison officials, or health care providers within Lanesboro. A claim alleged under § 1983 based on a deliberate indifference to serious medical needs falls within the Eighth Amendment's prohibition against cruel and unusual

punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence or medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd in unpublished table decision by Stokes v. Brown, 535 F.2d 1250 (4th Cir. 1976) (internal citation omitted).

Plaintiff has asserted vague complaints in this § 1983 proceeding which tend to show that he is dissatisfied with his course of medical treatment or that one or more health providers may have been negligent or committed malpractice. While it appears Plaintiff fully exhausted his

administrative remedies after his disagreements were rejected in the Step Three response, Plaintiff's central complaint appears to be that he was not granted a transfer from Lanesboro to another prison or facility where he perceives he would receive better treatment. Or more to the point, medical treatment that follows his desired path of treatment. However, the constitutional right is to medical care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a constitutional claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright, supra (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice"). Plaintiff has failed to demonstrate anything other than that he was not progressing to his satisfaction or that he disagreed with the course of his medical treatment or the place where he received such treatment. Plaintiff's complaint will be dimissed.

Finally, Plaintiff's pro se motions for injunctive relief will be dismissed. In these motions, Plaintiff's continues stating his disagreement with his course of medical treatment. Among other things, however there is no evidence that he pursued these complaints through the NC DPS three-step grievance procedure. Nor has Plaintiff moved to amend his complaint to include these additional allegations. As noted, exhaustion of claims is mandatory and the allegations raised by Plaintiff through the motions for injunctive relief touch on events examined in the grievance procedures. The Court has already concluded those claims fail to state a federal

claim for relief. To the extent the injunctive motions largely raise new allegations that have not been tested through the mandatory grievance process they will be dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner has failed to state a cognizable claim for deliberate indifference under the Eighth Amendment and his Section 1983 complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's motions for injunctive relief, (Doc. Nos. 9, 10, 11, 12), are **DENIED**.

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge